Li v. Holder

BIA
Segal, IJ
A200 751 305

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand fourteen.

PRESENT:
GUIDO CALABRESI,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

ZU YONG LI,
*Petitioner,*

v.                                    13-4528

NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER: Troy Nader Moslemi, New York, NY.

FOR RESPONDENT: Stuart F. Delery, Assistant Attorney General; Emily Anne Radford, Assistant Director; John W. Blakeley, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zu Yong Li, a native and citizen of China, seeks review of a November 5, 2013 order of the BIA affirming the November 2, 2011 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Zu Yong Li*, No. A200 751 305 (B.I.A. Nov. 5, 2013), *aff'g* No. A200 751 305 (Immig. Ct. New York City Nov. 2, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision, including the portions not explicitly discussed by the BIA. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Li's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum

2

applicant's demeanor, candor, or responsiveness, and inconsistencies in his statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-65. Here, the totality of the circumstances, including the inconsistency in and implausibility of Li's testimony and his non-responsiveness, support the IJ's credibility determination.

The IJ reasonably found Li's testimony inconsistent. Li testified multiple times that when Chinese authorities interrogated him, he told them the names of his fellow house church members and their addresses. In his personal statement, however, Li asserted that he did not provide names and contact information. The IJ considered Li's explanation for the inconsistency—that he did not remember whether he provided names or not—and found it unpersuasive, particularly given its significance. *See Majidi v. Gonzales*, 430 F.3d 77, 79-80 (2d Cir. 2005). This inconsistency provides substantial support for the IJ's adverse credibility determination because it directly relates to the one significant instance of persecution that Li alleges. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295

3

(2d Cir. 2006) (per curiam); *cf. Xiu Xia Lin*, 534 F.3d at 166 n.3.

The IJ also reasonably found Li's testimony implausible and unresponsive. During direct examination, Li was asked why the police beat him after he cooperated with them, and Li stated that they asked him about his faith in Jesus. An IJ is permitted to evaluate the "inherent plausibility" of an applicant's claim in making her credibility determination. *Xiu Xia Lin*, 534 F.3d at 168 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Although the agency did not explicitly rely on or consider Li's corroborating evidence, it was not required to do so. *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Li fails to identify any specific evidence the agency should have considered, or to explain how it would have independently verified his inconsistent testimony. Moreover, the BIA was not required to credit the explanation for inconsistent testimony outlined in Li's affidavit, particularly because he was given ample opportunity to present that explanation to the IJ and did not do so. *Majidi*, 430 F.3d at 80.

4

Given Li's inconsistency, lack of plausibility, and non-responsiveness, substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying Li asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk